963 P.2d 345

James R. CHRISTIANSEN and Jane–Barrie Christiansen, Plaintiffs–Appellants,

v.

FIRST INSURANCE COMPANY OF HAWAI'I, LTD., Defendant–Appellee,

and

Does 1 Through 15, Inclusive, Defendants.

No. 19968.

Supreme Court of Hawai'i.

Sept. 1, 1998.

Jeffrey A. Griswold (of Lyons, Brandt, Cook & Hiramatsu), for petitioner-defendant-appellee First Insurance Company of Hawai'i, Ltd., on the writ

James R. Christiansen and Jane–Barrie Christiansen, plaintiffs-respondents-appellants, appearing pro se.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

We granted defendant-appellee-petitioner First Insurance of Hawaii, Ltd.'s (First Insurance) petition for a writ of certiorari to review the decision of the Intermediate Court of Appeals (ICA) in *Christiansen v. First Insurance Company of Hawaii, Ltd.,* No. 19968, 88 Hawai'i 442, 967 P.2d 639 (App.1998) [hereinafter, *Christiansen* ]. Based on the doctrine of equitable tolling, the ICA held that the Christiansens' breach of contract claim was not time barred. We agree that the claim was timely, but for a different reason. Because we hold that an action commences upon the filing of a complaint, the Christiansens' claims were timely, and the equitable tolling doctrine was erroneously applied. By this opinion, however, we do not mean to reject or disapprove of the doctrine of equitable tolling.

Accordingly, we reverse that portion of the ICA's opinion regarding equitable tolling, and, in all other respects, we affirm.

I.  *BACKGROUND*

A.  *Facts*

On or about September 9, 1991, the plaintiffs-appellants-respondents James R. Christiansen and Jane Barrie Christiansen (collectively, the Christiansens) purchased a

homeowner's insurance policy (policy) with First Insurance for extended home insurance coverage for their rental home on Kaua'i [hereinafter, the property]. The policy provided, *inter alia*, that "[n]o action shall be brought unless ... the action is started within one year after the loss."[1] On September 11, 1992 (the date of loss), the property suffered extensive damage from Hurricane Iniki. There is no dispute over the policy's validity or that it covered the damage alleged in this case.

Soon after the date of loss, the Christiansens alleged that they filed a claim with First Insurance, and, after obtaining several contractors' bids, the Christiansens claimed total costs of about $79,000. On June 15, 1993, First Insurance, after inspecting the property, issued a reimbursement check for $12,583.31 with a letter stating in pertinent part: "If you are not accepting this draft as our final payment then consider this letter as our written demand for appraisal, and we are naming Donald Richardson as our appraiser."[2] The Christiansens disagreed with First Insurance's assessment of the loss, and, on July 6, 1993, selected John Mankin as their appraiser.

On September 8, 1993, after the appraisal process had begun but before it was concluded, the Christiansens filed a complaint with the circuit court, alleging bad faith handling of their insurance claim, negligence, fraud, unfair and deceptive trade practices, tortious breach of contract, and breach of contract.[3] On March 10, 1994, the Christiansens filed a motion to extend the time for service, attached with a sworn affidavit by James Christiansen, which stated in relevant part:

> The insurance policy issued by [First Insurance] contains a clause that suit must be filed within one year, as this one has been. Plaintiffs did not serve the Summons and Complaint because it appeared that the matter would be settled or resolved, without taking the Court's time and expense. Due to the actions of [First Insurance] to renege on, delay, and interfere with the process prescribed by its own insurance policy, Plaintiffs need [to] amend their Complaint to set forth the facts that occurred since that case was filed and to obtain an extension of time in which to have the same served on the [First Insurance].

The circuit court, finding "good cause," granted the Christiansens' motion to extend, postponing the deadline for service to May 9, 1994. On May 2, 1994, the Christiansens served their amended complaint, which was

---

1. Hawai'i Revised Statutes (HRS) § 431:10-221(a)(3) (1993), which authorizes an insurance policy to limit a right of action to one year, provides in pertinent part:

   **Prohibited policy provisions: limitation actions and jurisdiction.** (a) No insurance contract delivered or issued for delivery in this State and covering subjects located, resident or to be performed in this State, shall contain any condition, stipulation or agreement:
   ....
   (3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. In contracts of property insurance, or of marine and transportation insurance, the limitation shall not be to a period of less than one year from the date of the loss.

2. The policy provides for an appraisal process and states:

   If you and we fail to agree on the amount of loss, either can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state of the Described Location to select an umpire. The appraisers shall then set the amount of the loss. It the appraisers submit a written report of agreement to us, the amount agreed upon shall be the amount of loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two or three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

3. Because First Insurance only challenges the ICA's holdings concerning the Christiansens' breach of contract claim, our review is strictly limited thereto.

filed on March 7, 1994 and mirrored the original complaint, reiterating the same claims and explaining, in more detail, the facts of the case.

On May 20, 1994, First Insurance filed its motion to dismiss or in the alternative for summary judgment [hereinafter motion for summary judgment], arguing, *inter alia*, that the Christiansens' original complaint was not the "start" of an action under the one-year policy limitation because it had not been served. Instead, First Insurance asserted that the "start" of the action commenced on the date the amended complaint was filed, which was March 7, 1994. Accordingly, First Insurance argued that, because the one-year limitations period expired on September 10, 1993 and the amended complaint was filed thereafter, the Christiansens' breach of contract claim was barred. First Insurance further alleged that the ongoing appraisal process barred the Christiansens from filing their breach of contract claim.

On November 10, 1994, the circuit court granted First Insurance's motion for summary judgment, stating in relevant part:

IT IS HEREBY ORDERED THAT [First Insurance's] Motion to Dismiss or in the Alternative for Summary Judgment filed on May 20, 1994 is hereby granted and the Complaint and Amended Complaint are hereby dismissed with prejudice; provided, however, that nothing in this Order shall prevent either of the parties from proceedings pursuant to Chapter 658, H.R.S., with regard to the insurance appraisal ongoing between the parties.

The Christiansens filed their first notice of appeal on December 2, 1994, which this court dismissed for lack of a final judgment. A final judgment was entered on June 5, 1996. The Christiansens submitted their timely notice of appeal on June 24, 1996.

In the meantime, in a separate proceeding on January 10, 1995, First Insurance filed a motion to compel arbitration and for court appointment for a neutral umpire, which was subsequently granted. On July 5, 1996, an umpire was selected. On October 8, 1996, the Christiansens were awarded an amount, undisclosed in the record, for the "loss" caused to their property by Hurricane Iniki.

On appeal, the Christiansens argued, *inter alia*, that the circuit court erroneously granted First Insurance's motion for summary judgment as to the breach of contract claim. In *Christiansen*, the ICA, without stating any reasons, rejected the September 8, 1993 date the original complaint was filed as the "start" of an action and, instead, considered the filing of the March 7, 1994 amended complaint as the "start" of the action. *Christiansen*, 88 Hawai'i at 453–54, 967 P.2d at 650–51. However, in concluding that the Christiansens' breach of contract claim was not time-barred, the ICA applied the doctrine of equitable tolling, stating, in pertinent part:

We have recently held that, in the context of no-fault insurance, an insured may bring suit upon an unresolved claim after the applicable statute of limitations has expired, "provided the insured has made the claim for benefits before the running of the limitations period." *Wright v. State Farm Mut. Auto. Ins. Co.*, 86 Hawai'i 357, 362, 949 P.2d 197, 202 (App.1997). In *Wright*, an insured filed a claim with his insurer for no-fault benefits before the applicable two-year statute of limitations had run. Over a year later, the insurance company denied his claim. If the statute were not tolled, the insured's later demand for arbitration would have been barred by the two-year limitations period. However, rather than strictly apply the statute of limitations, we applied the doctrine of equitable tolling and held that "[i]n our view, ... the two year period should be tolled by [the insured's] filing of a claim[,]" and only re-activated upon the insured's notice of the denial of his claim. *Id.*

*Id.* 88 Hawai'i at 453–454, 967 P.2d at 650–51. In applying the doctrine of equitable tolling to the facts of the case, the ICA explained:

The undisputed date of loss was September 11, 1992. The limited record does not supply the date on which the Christiansens filed their claim, but it appears to have been filed, at the latest, around January 11, 1993. First Insurance sent the Christiansens a letter disputing their claim on

June 15, 1993; the Christiansens' *amended complaint was filed*[4] *on May 2, 1994.*

The limitation period, therefore, appears to have first run from September 11, 1992–January 10, 1993 (122 days), then tolled from January 11, 1993–June 14, 1993, and reactivated again *from June 15, 1993 to May 2, 1994 (232 days).*[5] The total period that the 360–day limitation period ran was, therefore, at most 354 days, in which case the Christiansens' amended complaint was filed within the one-year limitation period.

*Id.* 88 Hawai'i at 456, 967 P.2d at 653 (emphases added and some footnotes omitted). The ICA consequently held

(1) the Christiansens' legal claims were not barred by the policy's limitation provision [based on the doctrine of equitable tolling], and, therefore, the circuit court should not have granted First Insurance's motion to dismiss on this matter, *but* (2) the appraisal process did bar the Christiansens from continuing their legal claims; however, the court erred by dismissing the legal claims because, under HRS § 658–5,[6] it should have stayed the proceedings. Accordingly, we reverse the circuit court's final judgment in regards to the limitations defense issue, vacate the judgment in regards to the arbitration issue, and remand for further proceedings consistent with this opinion.

*Id.* 88 Hawai'i at 456, 967 P.2d at 653 (emphasis added). First Insurance timely petitioned for a writ of certiorari, which we granted on April 28, 1998.

## II. DISCUSSION

### A. The Policy's One–Year Limitation Provision

As previously stated, we agree with the ICA's holding that the Christiansens' breach of contract claim was not time barred by the policy's limitations provision. However, for the reasons set forth below, we conclude that the doctrine of equitable tolling was erroneously applied.

The limitations provision provides that "[n]o action shall be brought unless … the action is *started* within one year after the loss." (Emphasis added.) Absent from the insurance policy, however, is the definition of "start."

█ Insurance policies are contracts of adhesion and are premised on standard forms prepared by the insurer's attorneys. *AIG Hawai'i Ins. Co., Inc. v. Smith,* 78 Hawai'i 174, 183, 891 P.2d 261, 270, *reconsideration denied,* 78 Hawai'i 421, 895 P.2d 172 (1995). Accordingly, "we have long subscribed to the principle that they must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer." *Estate of Doe v. Paul Revere Ins. Group,* 86 Hawai'i 262, 272, 948 P.2d 1103, 1113 (1997) (citation omitted).

█ Rule 3 of the Hawai'i Rules of Civil Procedure (HRCP) (1993) provides that "[a] civil action is commenced by filing a complaint with the court." *See Doherty v. Hartford Ins. Group,* 58 Haw. 570, 573, 574 P.2d 132, 134 (1978) (acknowledging that, in the context of a contractual limitations provision, the filing of a complaint "commences" an action). In the instant action, the original complaint was filed on September 8, 1993. Given our policy to construe ambiguities against the insurer and that HRCP Rule 3 provides that an action commences upon filing of the complaint, we hold that the instant action "started" on September 8, 1993. As previously indicated, the date of loss occurred on September 11, 1992. Thus, the Christiansens' claim falls within the one-year limitation. Accordingly, had the ICA held that the mere filing of the original complaint

---

4. Although the ICA says "filed on May 2, 1994," the record indicates that the amended complaint was filed on March 7, 1994 and served on May 2, 1994.

5. However, "from June 15, 1993 to May 2, 1994" is actually 322 days.

6. Hawai'i Revised Statute (HRS) § 658–5 (1993) states: "If any action or proceeding is brought upon any issue referable to arbitration under an agreement in writing, the circuit court, upon being satisfied that the issue involved in the action or proceeding is referable to arbitration under such an agreement in writing, shall stay the trial of the action or proceeding until the arbitration has been had in accordance with the terms of the agreement, provided the applicant of the stay is not in default in proceeding with arbitration."

amounted to the "start" of an action, the Christiansens' breach of contract claim would have been timely even without applying the doctrine of equitable tolling.

### B. *The ICA's Subsequent Amendment To Christiansen*

■ We further note, following the filing of First Insurance's petition for a writ of certiorari, the ICA, on April 22, 1998, issued an order amending *Christiansen* [hereinafter, Amendment].[7] Considering, however, that jurisdiction divests to the supreme court upon an application for writ of certiorari, we hold that the Amendment was not properly entered and is therefore stricken. *See* HRS § 602–5(6) (1993);[8] Rule 2(a) of the Rules of the Intermediate Court of Appeals (1995).

### III. *CONCLUSION*

For the foregoing reasons, we hold that, because the Christiansens' breach of contract claim was timely filed, the doctrine of equitable tolling was inapplicable. We emphasize, however, that our opinion is not to be construed as a rejection or disapproval of the equitable tolling doctrine. Accordingly, we reverse that portion of the ICA's opinion regarding equitable tolling, and, in all other respects, we affirm.

■

---

7. The ICA, in the Amendment, vacated its entire discussion in *Christiansen* concerning the implementation of the doctrine of equitable tolling. Instead, the ICA, in the Amendment, stated in pertinent part:

> [T]he circuit court should first assess the date of loss, which in this case is undisputedly September 11, 1992; the limitation period begins to run from this date. It is then tolled on the date that the claimant files his or her claim for loss with his or her insurance carrier. In the instant case, the record on appeal does not include that date; we thus remand this fact to be determined by the circuit court.
>
> The limitation provision is re-activated upon the claimant's receipt of notice from the insurance company that it has denied his or her claim. The running of the limitation period then terminates after the limitation period has run, in its entirety, for 365 days, or on the date that legal action is brought for compensation by the claimant, whichever is first.

---

In this case, the circuit court erred if it granted dismissal based upon the expiration of the limitation period without applying the doctrine of equitable tolling, which omission is implied by the record on appeal. Consequently, we vacate the circuit court's final judgment in regards to the Christiansens' claim for breach of contract and remand to the circuit court to determine (1) the date on which the Christiansens' claim for loss was filed, and (2) the resulting timeliness of the Christiansens' legal action.
Amendment at 1–3 (footnote omitted).

8. HRS § 602–5 states in pertinent part:
> **Jurisdiction and powers.** The supreme court shall have jurisdiction and powers as follows:
> . . . .
> (6) To make or issue any order or writ necessary or appropriate in aid of its appellate or original jurisdiction, and in such case any justice may issue a writ or an order to show cause returnable before the supreme court[.]