Richard ADAM, Plaintiff—Appellant,

v.

Wayne CARVALHO, Police Chief, in his Individual and Official Capacity as Chief of Police for the County of Hawaii; et al., Defendants—Appellees.

No. 04–16646.
D.C. No. CV–98–00528–HG.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard Adam, Gorham, NH, pro se.

Michael Dabney, Esq., Dixon & Okura, Steven Christensen, Harry Freitas, Office of Corporation Counsel, Hilo, HI, for Defendants–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Richard Adam appeals pro se the district court's judgment in favor of defendants following a jury trial in his civil rights action alleging racial discrimination and violation of his right to equal protection of the law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We reject Adam's contention that defendants' attorney engaged in purposeful discrimination by using peremptory challenges to exclude prospective Caucasian jurors because of their race. The district court correctly ruled that defendants' attorney offered legitimate race-neutral reasons for striking the jurors in question. *See Purkett v. Elem,* 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam) (explaining that, to rebut prima facie showing of racial discrimination in jury selection, proponent of peremptory challenge must offer a facially valid race-neutral explanation for striking prospective juror); *Johnson v. Campbell,* 92 F.3d 951, 953 (9th Cir.1996) (reviewing for clear error a district court's findings regarding claim of purposeful discrimination in the jury selection process).

■ We also reject Adam's contention that the district court abused its discretion by allowing Arthur Poorman to testify at trial via videoconference. *See Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004) (reviewing for abuse of discretion district court's evidentiary rulings). Because Poorman was a sworn, out-of-state witness, and his testimony was subject to cross-examination, the videoconference complied with the requirements of Federal Rule of Civil Procedure 43(a). *See Beltran–Tirado v. INS,* 213 F.3d 1179, 1185 (9th Cir.2000) (citing *Official Airline Guides, Inc. v. Churchfield Publn's, Inc.,* 756 F.Supp. 1393, 1398–99 n. 2 (D.Or. 1990), *aff'd,* 6 F.3d 1385 (9th Cir.1993)) (additional citation omitted). Moreover,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Poorman's testimony was not hearsay. *See Beltran–Tirado,* 213 F.3d at 1186 (citing *Official Airline Guides,* 756 F.Supp. at 1398–99 n. 2).

■ In addition, we conclude that the district court did not abuse its broad discretion by continuing the trial from June 4 to June 23, 2004 because Adam has not shown that he was prejudiced by the continuance. *See Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 961 (9th Cir.2001) ("A district court's decision regarding a continuance is given great deference, and will not be disturbed on appeal absent clear abuse of [the court's] discretion.") (internal quotation omitted); *United States v. 2.61 Acres of Land,* 791 F.2d 666, 671 (9th Cir.1985) ("Absent a showing of prejudice suffered by the appellant ... this Court will not disturb the ruling below.").

We also have reviewed Adam's contentions that the defendants committed perjury and tampered with the jury, and that the district judge was biased in favor of the defendants. We find no merit to these contentions.

Adam's remaining contentions also lack merit.

We deny all pending motions.

AFFIRMED.