* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

the total tax loss attributable to the offense, *all conduct violating the tax laws* should be considered as part of the conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated.") (emphasis added); *United States v. Newbert,* 952 F.2d 281, 284 (9th Cir.1991) (holding that conduct in violation of state rather than federal law was relevant conduct under U.S.S.G. § 1B1.3(a)(2)).

However, because Whistler did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to *Ameline,* 409 F.3d 1073.

**AFFIRMED IN PART, REMANDED IN PART.**

**Richard ADAM, Plaintiff–Appellant,**

v.

**State of HAWAII, Defendant–Appellee.**

No. 04–17152.
D.C. No. CV–04–00520–HG.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

R.App. P. 34(a)(2).

Richard Adam, Gorham, NH, pro se.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Richard Adam appeals pro se the district court's order denying his petition to remove a guardianship case from Hawaii state court to federal court pursuant to 28 U.S.C. § 1443. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Nebraska ex rel. Dep't of Soc. Servs. v. Bentson,* 146 F.3d 676, 678 (9th Cir. 1998), and we affirm.

The district court properly dismissed Adam's petition for removal because he failed to allege that there is "a state statute or a constitutional provision that purports to command the state courts to ignore [his] federal rights." *See California v. Sandoval,* 434 F.2d 635, 636 (9th Cir. 1970) (per curiam) (citations omitted). Adam's allegations of bias and misconduct by state court judges are not adequate to support removal under section 1443. *See City of Greenwood v. Peacock,* 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966) (allegations that a litigant "is unable to obtain a fair trial in a particular state court" are insufficient to support removal pursuant to section 1443); *Sandoval,* 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice.").

Moreover, because the district court lacked jurisdiction over the action, the court properly denied Adam's application to proceed *in forma pauperis* and dismissed the complaint without ordering service of process. *See O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir.1990) ("An *in forma pauperis* complaint is frivolous if it has no arguable basis in fact or law.") (internal quotation omitted).

Adam's remaining contentions lack merit.

Adam's motion for leave to enter audio tapes as exhibits to his opening brief is denied.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.