**Richard ADAM, Plaintiff–Appellant,**

v.

**HAWAII PROPERTY INSURANCE ASSOCIATION; et al., Defendants–Appellees.**

No. 06–15779.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Richard Adam, Monroe, NH, pro se.

Donald J. Perrault, Esq., Jeffrey S. Masatsugu, Esq., The Pacific Law Group, Honolulu, HI, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Richard Adam appeals pro se from the district court's summary judgment and order denying his motion for reconsideration in his action alleging that defendants breached an insurance contract and deprived him of civil rights in violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Navajo Nation v. Norris*, 331 F.3d 1041, 1044 (9th Cir.2003), review for abuse of discretion the denial of a motion to reconsider, *id.* at 1046, and affirm.

Adam contends the district court failed to consider the fact that he filed a timely action in state court which tolled the statute of limitations. To the contrary, the record reflects that the district court properly tolled the statute from the date Adam made his insurance claim until January 28, 2002, which was after his state court action was dismissed on May 2, 2001. *See Christiansen v. First Ins. Co. of Hawaii, Ltd.*, 88 Hawai'i 442, 967 P.2d 639, 651 (1998), *aff'd in part and rev'd in part*, 88 Hawai'i 136, 963 P.2d 345, 349 (1998) (discussing equitable tolling doctrine).

■ Adam also contends the district court erred when it did not apply Hawaii's six-year catchall statute of limitations to his federal claims. However, the district court properly applied Haw.Rev.Stat. § 657–7, which is Hawaii's two-year statute of limitations for personal injury ac-

tions. *See Price v. State of Hawaii*, 939 F.2d 702, 708 n. 7 (9th Cir.1991); *see also Pele Defense Fund v. Paty*, 73 Haw. 578, 837 P.2d 1247, 1259 (1992) ("We hold that the two-year statute of limitations set forth in HRS § 657–7 governs § 1983 actions.").

■ Adam contends the district court failed to consider his arguments regarding an alleged conspiracy involving his former attorney. However, the district court's orders granting summary judgment and denying reconsideration reveal that it reviewed and rejected these arguments because Adam failed to submit any evidence in support of them. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). We also note that we have previously considered appeals arising from many of these allegations. *See, e.g., Adam v. Hawaii*, 139 Fed.Appx. 4 (9th Cir.2005); *Adam v. Nakamura*, 143 Fed.Appx. 5 (9th Cir.2005); *Adam v. Carvalho*, 138 Fed. Appx. 7 (9th Cir.2005); *Adam v. Hawaii*, 235 F.3d 1160 (9th Cir.2001).

■ Adam contends he has newly-discovered evidence regarding a state court judge whom he alleges was part of a conspiracy to deny him his civil rights. We decline to consider this contention because Adam did not present this alleged evidence to the district court, did not file a motion under Fed.R.Civ.P. 60(b)(3), and has made no showing that he has any evidence. *See Daly–Murphy v. Winston*, 820 F.2d 1470, 1473 (9th Cir.1987) ("[N]ormally the reviewing court will not supplement the record on appeal with material not considered by the trial court.").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Adam's remaining contentions are without merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.