**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000767
17-JUN-2022
08:26 AM
Dkt. 80 SO**

NO. CAAP-19-0000767


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


WILLIAM H. GILLIAM, Plaintiff-Appellant,
v.
DANIEL J. ELLIOT, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 19-1-00045)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant William H. Gilliam (**Gilliam**), self-represented, appeals from the April 19, 2022 Judgment entered by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

On appeal, Gilliam challenges the Circuit Court's granting of Defendant-Appellee Dan Elliott's (**Elliott**) "Motion for Summary Judgment to Dismiss Complaint Filed on 03/22/2019 Which Are Time-Barred by § 657-7[2] and § 657-4[3] of the Hawaii Revised Statutes" (**MSJ**) (footnotes added).

Gilliam's Amended Opening Brief (**Amended OB**) does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule

---

[1] The Honorable Randal G.B. Valenciano presided.

[2] HRS § 657-7 (2016) states: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

[3] HRS § 657-4 (2016) states: "All actions for libel or slander shall be commenced within two years after the cause of action accrued, and not after."

28(b).[4]  Elliott argues that the Amended OB should be stricken for failure to again comply with the rule even after Gilliam's first Opening Brief was stricken for similar non-compliance.[5]

While noncompliance with HRAP Rule 28(b)(4) can alone be sufficient to affirm the lower court's judgment, we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (citation and internal quotation marks omitted).  Despite the omission of a Point of Error section, Gilliam's Argument section sets forth his assertions of error, and we will address them to the extent we can discern them.  See id. ("[N]oncompliance with Rule 28 does not always result in dismissal of the claims, and this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible.  This is particularly so where the remaining sections of the brief provide the necessary information to identify the party's argument.") (brackets, ellipses, internal citations omitted); Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (stating that, to promote access to justice, pleadings prepared by self-represented litigants should be

---

[4]     Gilliam's Statement of the Case Section in the Amended OB contains record references for certain filed pleadings but no record references supporting the factual statements, in violation of HRAP Rule 28(b)(3) (requiring presentation of material facts, "with record references supporting each statement of fact . . . .").  There are no record references in the Argument section in violation of HRAP Rule 28(b)(7) (requiring the reasons for the contentions to contain "citations to the authorities, statutes and parts of the record relied on.").  There is no Point of Error section as required by HRAP Rule 28(b)(4) (requiring each point to state:  "(i) the alleged error committed by the court . . .; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court . . . .").

[5]     In a May 11, 2020 order, we denied Elliott's motion to dismiss Gilliam's appeal for failure to comply with HRAP Rule 28(b)(3), (4), and (7), and granted the alternative relief of striking Gilliam's non-compliant Opening Brief, and ordering Gilliam to file a first amended opening brief that "includes citations to the record, consistent with HRAP Rule 28(b)(3), (4), and (7)."  Elliott asserts that the Amended OB fails to contain necessary references to the court record to establish "the material facts of the case, . . . where in the record [Gilliam] objected to or where [Gilliam] brought the alleged error to the attention of the trial court, and what parts of the record support [Gilliam's] argument."  Elliott claims that Gilliam "only makes general assertions" and "conclusory statements" regarding the Circuit Court's errors and "fails to identify . . . where in the record the errors exist."

interpreted liberally, and self-represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules).

Gilliam contends the Circuit Court erred by (1) denying him the opportunity to "resist" the MSJ by conducting discovery prior to ruling on the MSJ; (2) treating the MSJ as a motion for judgment on the pleadings under Rule 12 of the Hawaii Rules of Civil Procedure (**HRCP**) but then considering matters outside of the pleadings; and (3) applying a two-year statute of limitations to all causes of action in his Complaint.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Gilliam's points of error as follows, and vacate in part and affirm in part.

**(1)** The record does not support Gilliam's contention that the Circuit Court erred by denying him the opportunity to conduct discovery prior to ruling on the MSJ. Gilliam argues that he was denied an "opportunity to develop material facts in opposition" to the motion, and he had "no opportunity to develop facts supporting tolling, or broadening [sic] from allegations of the complaint."[6] Gilliam asserts that his "Motion per HRCP 56(f)" was "summarily denied" even despite "renewing orally [sic] before the bench at each opportunity[.]"

HRCP Rule 56(f) states:

> **(f) When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or

---

[6] Gilliam's tolling argument in the Amended OB is difficult to understand as it consists only of the following disjointed assertion without context or record references, where he argues: "it can't be argued on the bare record of the movant (who elsewhere in extinguishing plaintiff's deposition of the defendant by arguing the defendant *resided* without the State over six months at time [sic], thus *meeting the statues [sic] very terms* for tolling. H.R.S. § 657.18.)." No record references are provided. Gilliam does not indicate how and where this argument was preserved below. This argument is waived. See HRAP Rule 28(b)(4), (b)(7).

> depositions to be taken or discovery to be had or may make such other order as is just.

Here, Gilliam's "Motion for Relief Pursuant to HRCP 56(f)" was essentially a one-page document, in which Gilliam "incorporates" a "Declaration last filed . . . in support of [Gilliam's] Motion to Shorten and for Protective Order"; states that Elliott "continuously denied [Gilliam]'s request to depose [Elliott]"; and concludes that "the Court should deny such Motion for Summary Judgment herewith or continue the same indefinitely to permit [Gilliam]'s discovery of [Elliott] by deposition *or discovery to be had*." No other argument or reasoning is provided, explaining how the "discovery" or "deposition" of Elliott was necessary to enable Gilliam to demonstrate a genuine issue of material fact. See Org. of Police Officers v. City and Cty. of Honolulu, 149 Hawai'i 492, 519, 494 P.3d 1225, 1252 (2021) ("In civil cases, the [HRCP] set forth procedures for discovery and summary judgment; pursuant to HRCP Rule 56(f), the circuit court may deny a motion for summary judgment if the opposing party establishes that additional discovery is necessary.").

Gilliam provides no record references that establish his claim that the HRCP Rule 56(f) motion was "summarily denied." Gilliam did not provide any transcript to support his account of what occurred at the hearing. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (quoting Union Building Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)). The court will not presume error from a silent record. Matter of the Estate of Camacho, 140 Hawai'i 404, 413, 400 P.3d 605, 614 (App. 2017) (citing State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). Gilliam's contention is without merit.

**(2)** The record does not support Gilliam's claim that the Circuit Court treated the MSJ as a motion for judgment on the pleadings pursuant to HRCP Rule 12.[7] The MSJ specifically stated it was made pursuant to HRCP Rule 56 and requested that the Circuit Court consider the attached exhibits as evidence as to when Gilliam learned of facts that triggered the statute of limitations on his claims. No transcript of the MSJ hearing is provided. See Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558. Gilliam does not point to anything in the record reflecting that the Circuit Court treated the MSJ as a motion pursuant to HRCP Rule 12. This contention is without merit.

**(3)** Gilliam's contention that a two-year statute of limitations was erroneously applied to all causes of action has merit. Gilliam argues that a four-year statute of limitations applied to his "Unfair and Deceptive Trade Practice (**UDAP**)" claim, and a six-year statute of limitations applied to his "[c]ontract and fraud" claims. We conclude the Circuit Court erred in part by granting summary judgment on all of Gilliam's claims, because Elliott was not entitled to summary judgment as a matter of law on the UDAP and Fraud claims based on the applicable statutes of limitations.

On appeal, the grant or denial of summary judgment is reviewed *de novo*. Nuuanu Valley Ass'n v. City & Cty. of Honolulu, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008).

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A

---

[7] HRCP Rule 12(c) states:

> **(c) Motion for judgment on the pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

> fact is material if proof of that fact would have the effect
> of establishing or refuting one of the essential elements of
> a cause of action or defense asserted by the parties. The
> evidence must be viewed in the light most favorable to the
> non-moving party. In other words, we must view all of the
> evidence and inferences drawn therefrom in the light most
> favorable to the party opposing the motion.

Id. (citation omitted).

Gilliam filed his Complaint in the case on March 22, 2019. The parties do not dispute the nature of Gilliam's claims or that the causes of action accrued in April 2016 when Gilliam "first learned, just days before trial [in a District Court proceeding] in April, 2016," of exhibits that Gilliam's Complaint alleged were "malicious lies, which defame, slander [sic], liable [sic] [Gilliam] so as to hold [Gilliam] out in a false light to others[.]" Complaint ¶¶ 5 and 7. There was no genuine issue of material fact as to when Gilliam's claims accrued. See Nuuanu Valley Ass'n, 119 Hawaiʻi at 96, 194 P.3d at 537.

"The relevant limitations period is determined by the nature of the claim or right asserted, which is in turn determined from the allegations contained in the pleadings." Delapinia v. Nationstar Mortg. LLC, 146 Hawaiʻi 218, 224–25, 458 P.3d 929, 935–36 (App. 2020), overruled in part on other grounds by Delapinia v. Nationstar Mortg. LLC, 150 Hawaiʻi 91, 497 P.3d 106 (2021).

**"Defamation and False Light" claim**: This claim was subject to a two-year statute of limitations. "Defamation actions are governed by HRS § 657-4 (1993), which provides that '[a]ll actions for libel or slander shall be commenced within two years after the cause of action accrued, and not after.'" Bauernfiend v. Aoao Kihei Beach Condos., 99 Hawaiʻi 281, 282 n.4, 54 P.3d 452, 453 n.4 (2002). "The tort of false light substantially overlaps with defamation," and where a false light claim is derivative, based on the same statements as the defamation claim, the false light claim must be dismissed if the defamation claim is dismissed. Nakamoto v. Kawauchi, 142 Hawaiʻi 259, 270 n.7 418 P.3d 600, 611 n.7 (2018) (citing Wilson v.

6

<u>Freitas</u>; 121 Hawaiʻi 120, 130, 214 P.3d 1110, 1120 (App. 2009)). Summary judgment was properly granted on this claim.

**Breach of Duty of Good Faith and Fair Dealing claim**: A tort claim for breach of the covenant of good faith and fair dealing in the insurance context is subject to the two-year statute of limitations under HRS § 657-7. <u>Christiansen v. First Ins. Co. of Hawaii</u>, 88 Hawaiʻi 442, 450, 967 P.2d 639, 647 (App. 1998), <u>as amended</u> (Apr. 22, 1998), <u>rev'd in part on other grounds by</u> <u>Christiansen v. First Ins. Co. of Hawaiʻi</u>, 88 Hawaiʻi 136, 963 P.2d 345 (1998). "Hawaii law generally does not recognize tort claims for breach of good faith or fair dealing outside the insurance context." <u>Alii Sec. Sys., Inc. v. Pro. Sec. Consultants</u>, 139 Hawaiʻi 1, 9, 383 P.3d 104, 112 (App. 2016) (citation omitted). The Complaint alleged that Elliott "assumed a position of trust and owed [Gilliam] and others a duty of good faith and fair dealing," but did not allege any contractual relationship. Complaint ¶ 12. It does not appear that Gilliam's *ipso facto* assertion on appeal that the breach of good faith and fair dealing claim was for breach of a contract involving the "AOAO and its agents," which included Elliott who engaged in "such duties for the AOAO," was made and preserved below. <u>See</u> HRAP Rule 28(b)(4). Summary judgment was properly granted on this claim.

**UDAP claim**: This purported claim was subject to a four-year statute of limitations. Gilliam cited HRS § 480-2 as the statutory basis for his claim; therefore, it was subject to the four-year statute of limitations pursuant to HRS § 480-24.[8] Summary judgment was erroneously granted on this claim.

---

[8]     HRS § 480-24 (Supp. 2016) states:

> **§480-24  Limitation of actions**.  Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues, except as otherwise provided in section 480-22. For the purpose of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation.

**Tortious Interference claim**:  This claim was subject to a two-year statute of limitations under HRS § 657-7.  Gilliam's "Tortious Interference with Business Relationships" (**Tortious Interference**) claim generally asserted a claim for tortious interference with existing contractual relations, subject to the statute of limitations under HRS § 657-7.  See Complaint ¶¶ 24 to 27; One Wailea Dev., LLC v. Warren S. Unemori Eng'g, Inc., No. CAAP-13-0000418, 2016 WL 2941062 (App. Apr. 20, 2016), at *15 (mem.) (citing HRS § 657-7; Kutcher v. Zimmerman, 87 Hawaiʻi 394, 406, 957 P.2d 1076, 1088 (1998) (holding that a cause of action for interference with prospective contractual relations "run[s] parallel to that for interference with existing contracts[.]")).  Summary judgment was properly granted on this claim.

**Fraud claim**:  This purported claim was subject to a six-year statute of limitations under HRS § 657-1(4).  Gilliam appears to attempt to assert a fraud[9] or fraudulent misrepresentation[10] claim.  "Fraudulent misrepresentation is not governed by a specific limitations period, and the general limitations period set forth in HRS § 657-1(4) applies."  Eastman v. McGowan, 86 Hawaiʻi 21, 27, 946 P.2d 1317, 1323 (1997)

---

[9]     To support a fraud claim,

> it must be shown that "the representations were made and that they were false, ... [and] that they were made by the defendant with knowledge that they were false, (or without knowledge whether they were true or false) and in contemplation of the plaintiff's relying upon them" and also that the plaintiff did rely upon them.

E. Star, Inc., S.A. v. Union Bldg. Materials Corp., 6 Haw. App. 125, 140, 712 P.2d 1148, 1158 (1985) (citation omitted).

[10]     To support a fraudulent misrepresentation claim, it must be shown that:

> (1) false representations were made by defendants[;] (2) with knowledge of their falsity (or without knowledge of their truth or falsity)[;] (3) in contemplation of plaintiff's reliance upon these false representations[;] and (4) plaintiff did rely upon them.

Ass'n of Apartment Owners of Newtown Meadows, 115 Hawaiʻi 232, 263, 167 P.3d 225, 256 (2007) (italics and citation omitted).

(citation omitted). Summary judgment was erroneously granted on this claim.

In summary, Gilliam's claims for Defamation and False Light, Breach of Good Faith and Fair Dealing, and Tortious Interference were subject to two-year statutes of limitations under either HRS §§ 657-4 or 657-7, and the Circuit Court did not err by granting summary judgment on these claims. Gilliam's claim of Fraud was subject to a six-year statute of limitations under HRS § 657-1(4), and the UDAP claim subject to a four-year statute of limitations under HRS § 480-24. Thus, the Circuit Court erred by granting summary judgment on the UDAP and Fraud claims because they were not barred by the applicable statutes of limitations.

For the foregoing reasons, the April 19, 2022 Judgment entered by the Circuit Court of the Fifth Circuit is affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, June 17, 2022.

On the briefs:

William H. Gilliam,
Self-Represented
Plaintiff-Appellant.

Cathy S. Juhn,
(Ortiz & Associates)
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge