NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONNIE E. LARSON, an individual, | No. 20-16496 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00150-JAO-RT |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; JOHN/JANE DOES, I-X, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted March 18, 2022**
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and LYNN,*** District Judge.

Appellant Lonnie Larson appeals the district court's grant of summary

judgment for Appellee Liberty Mutual Fire Insurance Company ("Liberty"),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

holding, based on a prior settlement agreement and the applicable statute of limitations, that Larson's tort claims arising out of the handling of his workers' compensation claim are barred. We have jurisdiction to review Larson's appeal under 28 U.S.C. § 1291.

In February 2002, Larson filed for workers' compensation under a policy issued by Liberty, claiming he was struck by lightning while at work (the "Incident"). The Hawaii Department of Labor and Industrial Relations determined that Larson's claim was compensable. Liberty appealed. From 2008–12, Larson filed five lawsuits against Liberty, alleging that Liberty handled Larson's workers' compensation claim in bad faith.

On May 11, 2015, Larson and Liberty entered into a "Release, Settlement and Indemnification Agreement" (the "2015 Agreement"), which settled Larson's suit against Liberty and released Larson's claims against Liberty "arising out of [its] handling of [his] claim for Workers Compensation Benefits" relating to the Incident. The 2015 Agreement "applies to all injuries, damages and losses resulting from matters related to the subject accident, even though now unanticipated, unexpected and unknown," and states Larson's intent to release Liberty "of and from any and all claims that he may have against [it] for all items of damage . . . and/or any other past or future damages claimed or that could be claimed by [Larson] in connection with the Claims Released," and Larson also

2

acknowledges that he had entered the 2015 Agreement with full knowledge, and advice of counsel, and that the release constituted the parties' entire agreement. Larson signed the release and was paid consideration. In 2017, Larson settled his underlying workers' compensation claim.

On March 26, 2019, Larson filed the suit against Liberty at issue here, alleging that Liberty interfered with Larson's receiving workers' compensation and payment of medical bills resulting from the Incident. Larson contended he understood the 2015 Agreement did not release those claims.

Both sides moved for summary judgment. The district court granted summary judgment to Liberty based on the 2015 Agreement. In the alternative, the district court found Larson's claims untimely.

We review de novo the summary judgment and may affirm on any ground supported by the record. *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019). This Court "must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Christian v. Umpqua Bank*, 984 F.3d 801, 808 (9th Cir. 2020) (quoting *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir. 2005). We affirm.

1.     Larson's claims are barred by the 2015 Agreement. We review de novo the district court's interpretation of the settlement agreement. *Parsons v.*

3

*Ryan*, 949 F.3d 443, 453 (9th Cir. 2020), *cert. denied sub nom. Shinn v. Jensen*, 141 S. Ct. 1054 (2021). Under Hawaiian law, "[a] properly executed settlement agreement generally precludes future litigation for its parties." *State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc.*, 978 P.2d 753, 761 (Haw. 1999). Here, the 2015 Agreement's plain language resolves all claims relating to the handling of Larson's workers' compensation claim, excluding only the workers' compensation claim itself. All of Larson's claims relate to Larson filing for workers' compensation and Liberty's handling of that claim. These claims are covered by the release in the 2015 Agreement.

Larson argues that the 2015 Agreement is ambiguous, and that parol evidence must be consulted to determine the parties' intent. The parol evidence rule "precludes the use of extrinsic evidence to vary or contradict the terms of an unambiguous and integrated contract." *Hawaiian Ass'n of Seventh-Day Adventists v. Wong*, 305 P.3d 452, 461 (Haw. 2013). "A contract is ambiguous when its terms are reasonably susceptible to more than one meaning." *Id.* The 2015 Agreement is not ambiguous as to the broad release given.

Larson makes two arguments for the first time on appeal: that he misunderstood the release in the 2015 Agreement because he was defrauded by Liberty's attorneys, and that in any case, Hawaii's public policy counsels against release of future claims.

Unless there are exceptional circumstances, this Court does not consider arguments raised for the first time on appeal. *El Paso City v. Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). Here, there are no such circumstances. Larson contends that his declaration filed below said Liberty's attorneys used "vague, ambiguous, confusing, and contradictory language that didn't make sense to me at the time . . . *they were tricking me* to insulate themselves." This claim was not briefed below, and so it was not preserved for appeal.

As to his public policy argument, the district court expressly noted that Larson "has *not* argued that, under Hawai'i law, a release of future claims . . . is unenforceable as a matter of public policy or otherwise." Accordingly, this argument was waived and will not be considered.

**2.** In the alternative, the district court properly found that Larson's claims were barred by the two-year statute of limitations. *See* Haw. Rev. Stat. § 657-7; *EEOC v. NCL Am.*, 535 F. Supp. 2d 1149, 1169 (D. Haw. 2008); *Christiansen v. First Ins. Co. of Haw.*, 967 P.2d 639, 647 (Haw. Ct. App. 1988), *as amended* (Apr. 22, 1998), *aff'd in part, rev'd in part on other grounds*, 963 P.2d 345 (Haw. 1998). Hawaii tort claims accrue when the plaintiff "discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter." *Hays v. City & Cnty. of Honolulu*, 917 P.2d 718, 723 (Haw. 1996).

5

The pertinent date for assessing timeliness here is March 26, 2017, two years before the Complaint was filed. The Complaint contains no allegations of wrongful acts occurring or discovered after March 26, 2017, nor did Plaintiff identify any such acts at the summary judgment hearing. The statute of limitations thus ran before this lawsuit was filed.

Larson's contention that the statute of limitations was tolled until March 28, 2017, when Liberty paid his workers' compensation claim, is without merit. *See generally Hun v. Ctr. Props.*, 626 P.2d 182 (Haw. 1981) (holding that plaintiffs' claims were time-barred and that the limitations period was not "tolled during the pendency of the worker's compensation proceedings" because the "purposes underlying the statute of limitations would clearly be frustrated by tolling the statute" during such proceedings).

In his Reply, Larson argues for the first time that Hawaii's six-year statute of limitations for breach of contract should apply. Because Larson did not make this argument before the district court or in his Opening Brief, this argument was forfeited.

**AFFIRMED.**

6