**SECURITY INSURANCE COMPANY OF HARTFORD, Plaintiff-counter-defendant—Appellee,**

v.

**Nicholay MACHEVSKY, Defendant-counter-claimant—Appellant.**

No. 02–56508.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 17, 2003.

Michael J. Aiken, Esq., Leon J. Gladstone, Esq., Berger Kahn, A Law Corporation, Marina Del Rey, CA, for Plaintiff–counter–defendant–Appellee.

Jerry Kaplan, Esq., Joan Kenegos, Esq., Kaplan, Kenegos & Kadin, Beverly Hills, CA, for Defendant–counter–claimant–Appellant.

Before: B. FLETCHER, BOOCHEVER, and GRABER, Circuit Judges.

MEMORANDUM *

The district court granted summary judgment to Plaintiff Security Insurance

* This disposition is not appropriate for publication and may not be cited to or by the courts

242

Company of Hartford in this declaratory judgment action. The district court held that Defendant Nicholay Machevsky is judicially estopped from asserting any claim based on a scheduled valuable possessions insurance policy covering certain artwork. Reviewing de novo the grant of summary judgment, *Navajo Nation v. Norris*, 331 F.3d 1041, 1044 (9th Cir.2003), and reviewing for abuse of discretion the district court's decision to invoke judicial estoppel, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.2001), we affirm.

Defendant filed for Chapter 7 bankruptcy in 1999; he had possessed the artwork since 1993 and had insured it at least since 1997. In the bankruptcy schedules pertaining to personal property, Defendant answered "none"–under oath–in response to questions asking him to list all "pictures and other art objects, antiques, . . . and other collections or collectibles," "interests in insurance policies," and "equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property." In the "Statement of Financial Affairs" portion of the bankruptcy schedules, signed under oath, Defendant likewise checked the box marked "none" in the section asking him to list "all property owned by another that the debtor holds or controls." The bankruptcy court granted Defendant a discharge in 1999 based on his filings.

The following year, according to Defendant, he went on vacation and returned to discover that the artwork had been stolen. He made a claim of $587,700 on the policy, which is the subject of the present litigation.

The district court did not abuse its discretion in holding that judicial estoppel applies here. In the bankruptcy court, by answering none, Defendant asserted that he had no interest in the artwork or in any insurance policy pertaining to it; he has taken a clearly inconsistent position in the present case. Debtors have an express, affirmative duty to disclose all their assets. *Hamilton*, 270 F.3d at 785. Although, according to Defendant, the paralegal who prepared his bankruptcy petition did not inquire as to his assets, the omissions ultimately are Defendant's. Disclosing one's assets is the essence of the bankruptcy process, and false omissions are the equivalent of false statements in the bankruptcy context. *United States v. Lindholm*, 24 F.3d 1078, 1085 (9th Cir.1994).

Defendant persuaded the bankruptcy court to accept his position and discharge his debts. The omission of the artwork from the bankruptcy schedules meant that none of the other participants in the bankruptcy proceeding was even aware of the artwork or the insurance policy, and an evaluation of Defendant's true interests (and any potential assets that could have been part of the estate and distributed to his creditors) was therefore excluded from the process that led to his discharge.

Thus, Defendant would derive an unfair advantage by being allowed to pursue the insurance claim now. *See New Hampshire v. Maine*, 532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (discussing factors to consider in applying equitable doctrine of judicial estoppel); *Hamilton*, 270 F.3d at 784–85 (applying judicial estoppel when debtor's position in bankruptcy schedules was inconsistent with position taken in insurance claim).

AFFIRMED.

of this circuit except as provided by Ninth Circuit Rule 36–3.