Jeff YEAROUS, Plaintiff,

v.

PACIFICARE OF CALIFORNIA; UnitedHealth Group; Administaff of Texas, Inc.; and Does 1 through 20, inclusive, Defendants.

No. 07–CV–0574 H(RBB).

United States District Court,
S.D. California.

July 20, 2007.

Order Denying Reconsideration
Sept. 12, 2007.

D. Scott Mohney, Robert K. Scott, Law Offices Of Robert K. Scott, Irvine, CA, for Plaintiff Jeff Yearous.

Mazda K. Antia, William E. Grauer, Darcie A. Tilly, and Heather C. Meservy, Cooley Godward Kronish LLP, San Diego, CA, for Defendants PacifiCare of California and UnitedHealth Group.

Dave Carothers, Carlton Disante & Freudenberger LLP, for defendant Administaff of Texas, Inc.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

MARILYN L. HUFF, District Judge.

Plaintiff Jeff Yearous initially filed suit in San Diego County Superior Court on February 21, 2007. (Doc. No. 1.) Defendants PacifiCare of California and United-Health Group (collectively "PacifiCare") filed a notice of removal on March 28, 2007. (Doc. No. 1.) Defendant Administaff of Texas, Inc. ("Administaff") filed a join-

der in the notice of removal on April 3, 2007. (Doc. No. 2.) On May 1, 2007, Plaintiff filed a motion to remand. (Doc. No. 7.) PacifiCare filed a response in opposition on June 4, 2007. (Doc. No. 9.) Administaff filed a joinder to the opposition of Pacifi-Care on June 4, 2007. (Doc. No. 12.) Plaintiff filed a reply in support of his motion on June 8, 2007. (Doc. No. 14.)

On June 18, 2007, the Court heard oral argument on Plaintiff's motion. Joel Poremba appeared for Plaintiff, William Grauer and Mazda Antia appeared for Defendant PacifiCare, and Dave Carothers appeared for Defendant Administaff. Following the hearing, the Court requested supplemental briefing from the parties. PacifiCare filed supplemental papers in opposition to remand on June 22, 2007. (Doc. Nos. 19, 20.) Administaff filed a notice of joinder in the supplemental papers filed by PacifiCare on June 25, 2007. (Doc. No. 21.) Plaintiff filed supplemental papers on July 2 and 3, 2007. (Doc. Nos. 22, 24.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion to remand.

### Background

Defendants removed this case, asserting that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., preempts Plaintiff's state law claims, such that the Court has removal jurisdiction over them. Plaintiff seeks remand, arguing that he was not Administaff's employee for purposes of ERISA, and, thus, ERISA does not govern the health plan at issue. Accordingly, he contends that his claims are not completely preempted by ERISA, and the Court does not have removal jurisdiction over them.

Plaintiff and his wife are the co-owners of Zonson Customization ("Zonson"), a company specializing in golf accessory customization. (Compl.¶ 8.) According to Kim Bacon, a Managing Director in the Health and Welfare department, Defendant Ad-

ministaff is a professional employer organization that provides personnel management services to small and medium sized companies in a "co-employment" relationship, with an allocation of responsibilities set forth in the client service agreement. (Decl. of Kim Bacon ("Bacon Decl.") ¶¶ 2–3 & Ex. A (client service agreement between Administaff and Zonson).) On November 19, 2005, Plaintiff, on behalf of Zonson, executed a client service agreement with Administaff. (Id., Ex. A.) The agreement between Administaff and Zonson states that each would be "co-employers" of the "worksite employees assigned to Client's worksite." (Id.)

According to Bacon, each worksite employee signs a written employment agreement with Adminstaff. (Id. ¶ 3.) Plaintiff executed an employment agreement with Administaff on November 22, 2005 providing that he would function as "President" and that his relationship with Administaff was at will. (Id., Ex. B) (employment agreement between Jeff Yearous and Administaff.) On November 30, 2005, Plaintiff completed the Administaff benefits enrollment/change request form electing healthcare coverage and listing his wife and their two daughters as dependents. (Id., Ex. E.) According to Plaintiff, only he, his wife, and two daughters were insured through the PacifiCare policy. (Id. ¶ 8). None of Zonson's employees were insured through Administaff. (Id.)

In May of 2006, one of Plaintiff's daughters required hospitalization for severe mental illness and an eating disorder. (Id. ¶ 9.) After PacifiCare denied coverage for the resulting medical bills, Plaintiff filed suit in state court alleging breach of contract, breach of the covenant of good faith and fair dealing, and violation of California Business & Professions Code § 17200 against PacifiCare. (Id. ¶¶ 10–27.) Fur-

ther, Plaintiff alleged negligence against Administaff. (*Id.* ¶ 28–32.)

### Analysis

#### A. Removal Jurisdiction

 A court has removal jurisdiction so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. 1441(a). A district court must remand a case to state court, however, if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). As the Ninth Circuit has indicated, courts strictly construe the removal statute against removal jurisdiction, and courts reject removal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). If removal is challenged, the defendant bears the burden of establishing that removal is proper. *Id.*

#### B. Preemption

 On its face, Plaintiff's complaint contains only state law claims. In general, a state law claim cannot be removed on the ground that federal law preempts the claim. *See, e.g., Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). This is because a cause of action arises under federal law only if the plaintiff's well-pleaded complaint raises issues of federal law, and federal preemption is a defense that does not appear on the face of the plaintiff's complaint. *Id.* (*citing Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). In limited cases, however, the preemptive force of federal preemption is so strong that it displaces any state causes of action and leaves room only for a federal claim for purposes of the well-pleaded complaint rule. *Id.* at 63–64, 107 S.Ct. 1542; Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 2:722 (The Rutter Group 2007). If a federal statute "wholly displaces the state-law cause of action through complete pre-emption," the state claim is essentially recharacterized as a federal claim and may be removed. *See, e.g., Aetna Health Inc. v. Davila,* 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (*quoting Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)).

#### 1. ERISA Preemption

 According to ERISA's text, Congress enacted the statute to "protect ... the interests of participants in employee benefit plans and their beneficiaries" by establishing regulatory requirements and by "providing for appropriate remedies, sanctions, and ready access to the federal courts." 29 U.S.C. § 1001(b). In line with this purpose, "ERISA includes expansive preemption provisions ... intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health,* 542 U.S. at 208, 124 S.Ct. 2488 (*quoting Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)).

 ERISA contains two preemption provisions. First, 29 U.S.C. § 1144(a) expressly preempts state laws that relate to employee benefit plans, except for state laws regulating insurance. 29 U.S.C. § 1144(a) ("[T]he provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...."). Second, 29 U.S.C. § 1132(a) provides the exclusive cause of action for violations of ERISA. The Supreme Court has ruled that § 1132(a) displaces any state claims falling within the scope of ERISA's civil enforcement provisions. *See Metro. Life Ins.,* 481 U.S. at 60, 107 S.Ct. 1542; *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54–55, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). As the Supreme Court has explained, "any state-law cause of action that duplicates, supplements, or supplants

the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health,* 542 U.S. at 209, 124 S.Ct. 2488. Further, ERISA's preemptive force is so strong that it recharacterizes "an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life. Ins.,* 481 U.S. at 65–66, 107 S.Ct. 1542. Under the complete preemption doctrine, because ERISA's preemption is complete as to causes of action within the scope of ERISA's civil enforcement provisions, these claims are removable to federal court. *Id.* at 66, 107 S.Ct. 1542; *Aetna Health,* 542 U.S. at 209, 124 S.Ct. 2488; *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir.1998). According to the Ninth Circuit, complete preemption applies when the plan at issue is subject to ERISA regulation, when the state law cause of action is expressly preempted under § 1144(a), and when the cause of action is within the scope of ERISA's enforcement provision, § 1132(a). *Abraham v. Norcal Waste Sys.,* 265 F.3d 811, 819 (9th Cir. 2001); *see also* Schwarzer, et al., *supra,* ¶ 2:771.

■ In contrast to those state claims completely preempted by ERISA's civil enforcement provisions in § 1132(a) such that they are re characterized as federal claims for purposes of removal, other state law claims may nevertheless be preempted by § 1144(a). State law claims that fall outside the scope of ERISA's civil enforcement provisions in § 1132(a), even if preempted by § 1144(a), are governed by the well-pleaded complaint rule, however, and are not removable under the complete preemption guidelines set out in *Metropolitan Life. See, e.g., Toumajian,* 135 F.3d at 654–55. Instead, while federal preemption provide a defense, it does not allow a defendant to remove the case. *See id.; see also* Schwarzer, et al., *supra,* ¶ 2:769;

In short, removal and preemption are two different concepts. *Toumajian,* 135 F.3d at 655. This distinction is important, for as the Ninth Circuit has explained:

> [I]f the doctrine of complete preemption does not apply, even if the defendant has a defense of "conflict preemption" within the meaning of § 1144(a) because the plaintiff's claims "relate to" an ERISA plan, the district court, being without subject matter jurisdiction, cannot rule on the preemption issue. The district court lacks power to do anything but remand the case to the state court where the preemption issue can be addressed and resolved.

*Id.* (citations omitted).

Here, given that Plaintiff's complaint only asserts state law claims on its face, the propriety of removal turns on whether Plaintiff's state law claims are completely preempted by ERISA's enforcement provisions in § 1132(a) such that they are recharacterized as federal claims for purposes of removal.

**2. Whether the Plan is Subject to ERISA Regulation**

■ For complete preemption to apply to a cause of action: (1) the plan at issue must be an employee benefit plan subject to ERISA regulation; (2) the state law must "relate to" ERISA under the express preemption provision in § 1144(a); and (3) the state claims must fall within the scope of § 1132(a). Plaintiff does not contend that the claims are outside the scope of § 1132(a). Instead, he argues that the plan at issue is not subject to regulation under ERISA.

Under ERISA, an employee benefit plan can be either a welfare benefit plan or a pension benefit plan, or both. 29 U.S.C. 1002(3). An employee welfare benefit plan is at issue in this case. ERISA defines an employee welfare benefit plan as follows:

any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan fund, or program was established or is maintained for the purpose ok providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment[.]

29 U.S.C. 1002(1)(A).

The regulations clarifying these definition sections indicate that an " 'employee benefit plan' shall not include any plan, fund or program ... under which no employees are participants covered under the plan." 29 C.F.R. § 2510.3–3(b). Further, the regulations state, "an individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse." *Id.* § 2510.3–3(c)(1). Similarly, the Ninth Circuit has clarified that the "owner of a business is not considered an 'employee'- for purposes of determining the existence of an ERISA plan." *LaVenture v. Prudential Ins. Co. of Am.*, 237 F.3d 1042, 1045 (9th Cir.2001).

Plaintiff contends that the plan at issue is not governed by ERISA because it only covered him, his spouse, and their children, and it did not cover any Zonson employees. Further, he contends that the plan was not established by an employer. Defendants, however, contend that Administaff was Plaintiff's employer, thus bringing the plan within the purview of ERISA regulation.

 Whether ERISA governs the plan depends upon the relationship between Administaff and Plaintiff. If Administaff was Plaintiff's employer for purposes of ERISA, then ERISA governs the plan.[1] The parties have not directed the Court to any controlling authority examining whether a professional employer organization, such as Administaff, is an employer of its "co-employees" for ERISA purposes. In several cases, however, the Supreme Court has adopted a common law test for determining who qualifies as an employee under ERISA. *See, e.g., Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). In *Darden*, noting that ERISA's definition of "employee" as "any individual employed by an employer" was completely circular, the Court construed "employee" to incorporate the general common law of agency. *Id.* at 323 & n. 3, 112 S.Ct. 1344. To determine whether someone is an employee under the general common law of agency, and thus an employee under ERISA, courts should consider several factors:

> [W]e consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party;

1. The Court notes that a person may be an employee of two employers at the same time. *See, e.g., Kelley v. S. Pac. Co.*, 419 U.S. 318, 324, 95 S.Ct. 472, 42 L.Ed.2d 498 (1974) (under common law, plaintiff can establish employment relationship with a rail carrier while nominally employed by another as a borrowed servant, as the servant of two mas-

ters, or as a subservant); *Burrey v. Pac. Gas & Elec. Co.*, 159 F.3d 388, 394–95 (9th Cir.1998) (workers leased from an employment agency could be common law employees of the recipient of their services; their status with respect to recipient of services determined using *Darden* factors).

the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* at 323, 112 S.Ct. 1344 (*quoting Cmty. for Creative Non–Violence v. Reid,* 490 U.S. 730, 751–52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)). Courts must consider the entire relationship, and no single factor is decisive. *Id.* Thus, under the common law analysis, how the parties label their relationship, while relevant to the inquiry, is not determinative of the employment status of an individual. *See, e.g., Sharkey v. Ultramar Energy Ltd.,* 70 F.3d 226, 232 (2d Cir.1995); *Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488, 1492–93 (11th Cir.1993) (concluding that district court relied too heavily on parties' contract, which described the ERISA plaintiff as an independent contractor, in determining that plaintiff was not an "employee" under ERISA).

■ In support of their position, Defendants first point to the client service agreement and the employment agreement executed by Plaintiff. The client service agreement describes Administaff as providing offsite, full service human resources services to Zonson. (Bacon Decl., Ex. A.) The agreement states that Administaff and Zonson will be "co-employers" of the "worksite employees." (*Id.*) The agreement indicates that Administaff's responsibilities include payment of salaries of worksite employees, provision of employment and retirement benefits, administration of workers' compensation insurance claims, withholding of relevant federal and local taxes, maintenance of employee records, and the "development and implementation of policies" related to personnel management services. (*Id.*) Turning to

the employment agreement, it states that it was executed pursuant to the client service agreement between Administaff and Zonson in which they agreed to a co-employment relationship, and it states that it "deals only with [Plaintiff's] employment with Administaff." (Bacon Decl., Ex. B.) The agreement indicates that Plaintiff's job function is "President." (*Id.*) Examining these agreements, the parties indicated that Plaintiff would be Administaff's employee and that Administaff would perform various functions generally associated with employers.

Additionally, Defendants have provided other documents tending to show that Administaff was Plaintiff's employer for ERISA purposes. Defendants direct the Court to a federal I–9 form executed by Plaintiff in which he indicates that he is an employee of Administaff. (Bacon Decl., Ex. D.) Further, Defendants present W–2 and W–4 tax forms that were prepared and sent to both Plaintiff and the federal government and that identify Administaff as Plaintiff's employer. Finally, Defendants highlight that Plaintiff only qualified for participation in the group health plan (insured by PacifiCare) by becoming an Administaff employee.

Taken together, these documents confirm that Administaff was Plaintiff's employer under ERISA. The parties signed agreements indicating that Plaintiff was Administaff's employee, Plaintiff described himself as Administaff's employee on federal withholding forms, and Administaff treated Plaintiff as an employee with regard to taxes and employee benefits. *See Darden,* 503 U.S. at 323, 112 S.Ct. 1344. Accordingly, Plaintiff was an employee of Administaff, the health plan is governed by ERISA, and ERISA completely preempts Plaintiff's causes of action.

## Conclusion

For the reasons stated, the Court concludes that ERISA completely preempts the state law remedies that Plaintiff seeks in his suit. Therefore, the Court has subject matter jurisdiction over this matter, and the Court **DENIES** Plaintiff's motion to remand.

IT IS SO ORDERED.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On July 20, 2007, the Court denied plaintiff's motion to remand, having concluded that the health plan in question was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., and that the Court therefore has removal jurisdiction. (Doc. No. 26.) On August 7, 2007, plaintiff filed a motion for reconsideration of the July 20 order along with a declaration from plaintiff describing the nature of his relationship with Administaff of Texas, Inc. ("Administaff"). (Doc. No. 27.) This motion was filed timely and with the appropriate statement required by Local Rule 7.1(i). Defendants Pacificare of California ("Pacificare") and UnitedHealth Group ("UnitedHealth") filed an opposition to this motion on August 31, 2007. (Doc. No. 30.) Also on August 31, 2007, Administaff filed an opposition to the motion and a notice of joinder to the opposition filed by Pacificare and UnitedHealth. (Doc. Nos. 31–32.) As of the date required by Local Rule 7.1(e)(3), plaintiff had not filed a reply memorandum.

The Court concludes that this matter is suitable for decision without oral argument. Accordingly, the Court submits the matter for decision pursuant to its discretion under Local Rule 7.1(d)(1). For reasons set forth below, the court **DENIES** plaintiff's motion for reconsideration.

## DISCUSSION

 Absent "highly unusual circumstances," reconsideration is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, (3) there is an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration cannot be based on evidence that could reasonably have been discovered prior to the court's ruling on the original motion. *See Hopkins v. Andaya*, 958 F.2d 881, 887 n. 5 (9th Cir.1992), *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) *and Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994); *see also* William W. Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2006) ¶ 12:160.1, p. 12–60. Whether to grant or deny a motion for reconsideration is in the sound discretion of the district courts. *See Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003).

Plaintiff's motion requests reconsideration because "[i]n briefing the issue before the Court, neither party relied upon, nor even cited, the decision in *[Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)]." Plaintiff then offers arguments addressing the various *Darden* factors with reference to facts from plaintiff's new declaration.

The Court concludes that these arguments are not proper grounds for a motion for reconsideration. Plaintiff does not argue that there was an intervening change in law, that the Court committed clear error, or that the Court's decision was manifestly unjust. To the extent that plaintiff offers new evidence, it is not sufficient to support a motion for reconsidera-

tion. The Court has reviewed plaintiff's declaration and finds that, while it may offer some new details, it does not substantially alter the Court's understanding of the relationship between the parties. Furthermore, this evidence was available to Yearous and could have been offered during initial consideration of the motion. Finally, the Court concludes that there are no other highly unusual circumstances warranting reconsideration.

### CONCLUSION

For the reasons set forth above, the Court submits this motion for decision on the papers and **DENIES** plaintiff's motion for reconsideration.

IT IS SO ORDERED.