**Karen Marie RISPOLI, Plaintiff–Appellant,**

**v.**

**KING COUNTY, doing business as Metro Division of the Department of Transportation, Defendant–Appellee,**

**and**

**King County, doing business as Department of Youth Services, Defendant–Appellee,**

---

**Karen Marie Rispoli, Plaintiff–Appellee,**

v.

**King County, doing business as Metro Division of the Department of Transportation, Defendant–Appellant,**

and

**King County, doing business as Department of Youth Services, Defendant.**

Nos. 06–35768, 06–35807.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Oct. 31, 2008.

Berzon, Circuit Judge, filed dissenting opinion.

Dwight T. Van Winkle, Esquire, Seattle, WA, for Plaintiff–Appellant.

Stephen G. Teply, Esquire, John R. Zeldenrust, Seattle, WA, for Defendant–Appellant.

Before: SILVERMAN, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM *

Plaintiff Karen Rispoli, a bus driver for Defendant King County, appeals various rulings in connection with her Title VII action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

---

* This disposition is not precedent except as provided by 9th Cir. R. 36–3.

1. King County filed a notice of cross-appeal but raises no arguments relating to it so the cross-appeal is DISMISSED.

We review de novo the district court's imposition of discovery sanctions because the district court failed to make factual findings as to harmlessness or substantial justification. *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 845–46 (9th Cir.2004). We review the district court's grant of summary judgment de novo, and its denial of Plaintiff's motion for reconsideration and exclusion of evidence at trial for abuse of discretion. *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir.2008); *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003); *United States v. Blaylock*, 20 F.3d 1458, 1462 (9th Cir.1994).

■ Rispoli first argues that the district court erred in excluding evidence relating to certain adverse employment actions that Rispoli failed to identify as such in her answers to interrogatories. We disagree. The district court did not err under Federal Rule of Civil Procedure 37(c)(1) because Rispoli's omission was neither harmless nor substantially justified. It is no answer that the underlying facts were known by King County, in light of Rispoli's interrogatory answer specifically delimiting which exact events she intended to claim as adverse employment actions.

The district court was mistaken in believing that it could grant summary judgment as to the harassment and breach of contract claims based solely on Rispoli's failure to oppose those portions of King County's motion. *See Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir.2003). Still, the district court did not err in granting the motion in light of explicit abandonment of those claims in open court by Plaintiff's counsel. *See Voigt v. Savell*, 70 F.3d 1552, 1557 (9th Cir.1995). For the same reason, we affirm the district court's denial of Rispoli's motion for reconsideration as to these claims.

■ Next, the district court did not abuse its discretion in excluding as irrelevant testimony relating to Rispoli's 2000 termination and to statements made about her by King County personnel. The district court was within its discretion in ruling that Rispoli had not linked the proffered evidence to any decision maker involved in the adverse employment actions at issue. *See DeHorney v. Bank of Am.*, 879 F.2d 459, 467–68 (9th Cir.1989).

Plaintiff's opening appellate brief mentions that she is also appealing the district court's order denying her motion for a new trial yet she provides no argument on the issue, so we do not consider it. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).

AFFIRMED.

BERZON, Circuit Judge, dissenting:

I cannot agree with the majority's critical holding regarding discovery sanctions. I would hold instead that the district court did abuse its discretion in ruling that Rispoli could not rely on alleged retaliatory acts of harassment, including alleged attacks on her mental health and falsification of customer complaints, as adverse employment actions for purposes of her retaliation claim.

The answers to Interrogatories One and Two made clear that Rispoli was relying on these actions, among others, as the basis for holding that King County retaliated against her unlawfully. The point is not simply that King County knew of these *facts*. Instead, the critical consideration is that King County knew, from the interrogatory answers as a whole, that Rispoli was relying on these facts as the basis for liability on her retaliation claim. Rispoli had stated specifically that her retaliation cause of action rested in part on these actions, and also, separately, stated a cause of action for harassment premised on the same incidents. King County therefore had every reason to conduct dis-

covery on and put on evidence concerning whether these actions occurred, and, if so, whether they were motivated by retaliatory animus.

Given the answers to Interrogatories One and Two, the fact that Rispoli did not put retaliatory harassment on the list of adverse employment actions in answer to Interrogatory Eight cannot justify the sanction imposed. The interrogatory did not specify that "adverse employment action" was being used in its technical sense, as an element of a retaliation cause of action. Moreover, once the facts alleged in answer to Interrogatories One and Two as supporting the retaliation cause of action were proven, the question whether those actions suffice to establish retaliatory harassment as an adverse employment action would be purely one of law—namely, whether the challenged action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (internal quotation omitted). So King County could not have been prejudiced at trial by the failure to list again actions already listed elsewhere as a basis for the retaliation cause of action.

The jury instructions limited the adverse employment actions that the jury could consider as the basis of Rispoli's retaliation claim to those included in her answer to Interrogatory Eight. As a result, the district court's imposition of discovery sanctions was not harmless, even though evidence of many of the allegedly harassing incidents was admitted at trial. I therefore respectfully dissent.