
NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>KAMERON FRANKLIN PLUMB,<br>　　　　　　Debtor. | BAP No. EW-23-1193-BSG<br><br>Bk. No. 23-00679-WLH7 |
| KAMERON FRANKLIN PLUMB,<br>　　　　　　Appellant,<br>v.<br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1,<br>　　　　　　Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Eastern District of Washington
Whitman L. Holt, Chief Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and GAN, Bankruptcy Judges.

---

      * This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Appellant Kameron Plumb appeals (1) an order granting stay relief to U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2005-1 ("US Bank"), and (2) an order denying his motion to alter or amend the stay relief order. US Bank sought relief from the automatic stay to continue with its pending unlawful detainer action against Kameron in state court. Seeing no abuse of discretion by the bankruptcy court, we AFFIRM.[1]

**FACTS**

**A.    Prepetition events**

In 2004, Kameron,[2] his brother Joshua, and their parents obtained a loan to purchase a home in Yakima, Washington ("Property"). The loan was secured by a deed of trust against the Property in favor of the lender. The Plumbs stopped making loan payments on May 1, 2009, and no payments have been made since that date. The note and deed of trust were eventually assigned to US Bank.[3]

---

[1] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[2] We refer to Messrs. Kameron Plumb and Joshua Plumb individually as "Kameron" and "Joshua" to avoid any confusion. No disrespect is intended.

[3] Kameron and Joshua's father died in 2012. Their mother passed away sometime thereafter.

In December 2013, US Bank filed a judicial foreclosure action against the Plumbs in state court. The Plumbs argued that US Bank lacked standing to enforce the note. The state court granted US Bank summary judgment. The Plumbs' appeal of that ruling was unsuccessful.

The Property was sold to US Bank at a sheriff's sale in October 2019. After the right of redemption period expired, US Bank obtained a sheriff's deed for the Property, which it recorded on July 21, 2020.

Two more years went by. In June 2022, US Bank served a 3-day notice to quit on the Plumbs. When they refused to vacate the Property, US Bank filed an unlawful detainer action against them in state court in November 2022. That matter was stayed once Kameron filed for bankruptcy.

## B.    Postpetition events

Kameron, pro se, filed a chapter 7[4] bankruptcy case on June 2, 2023. He claimed to own the Property free and clear and claimed it as exempt.

US Bank moved for relief from the automatic stay to proceed with its pending unlawful detainer action and eviction of the Plumbs. US Bank argued that it was entitled to relief for "cause" under § 362(d)(1); it was the owner of the Property and the Property was not property of the estate. In response, Kameron requested a continuance explaining that he had been hospitalized for the past month with life-threatening conditions. Kameron

---

[4] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

asked that he be given two weeks after being discharged from the hospital to file an opposition to US Bank's motion. However, it was unknown when he would be discharged.

Once the hearing on US Bank's motion was set for September 21, 2023, Kameron, still in the hospital, filed a last-minute request to continue it for another 100 days. Joshua, a paralegal, also requested a continuance and argued that he and Kameron would be irreparably harmed if US Bank were granted stay relief to evict them from the Property; they had nowhere to go and would be forced to live on the streets.

The initial stay relief hearing went forward on September 21. Joshua appeared for Kameron. Over US Bank's objection, the bankruptcy court granted a short continuance to October 10.

Moments before the October 10 hearing, Kameron filed a supplemental opposition explaining further his medical condition and the history of the dispute over the Property with US Bank. In short, Kameron contended that US Bank lacked standing to foreclose, so therefore the foreclosure judgment and subsequent sheriff's sale were invalid. Because he still had an ownership interest and equity in the Property, argued Kameron, US Bank should be denied relief from stay.

Kameron and Joshua appeared at the October 10 hearing, but Joshua spoke on Kameron's behalf. The bankruptcy court granted US Bank relief from stay under § 362(d)(1) and (d)(2). In summary, it found that Kameron failed to present evidence to overcome US Bank's colorable claim for relief.

Kameron filed a timely motion to alter or amend the stay relief order on the grounds of newly discovered evidence, manifest injustice, and clear error. He argued that the bankruptcy court clearly erred by focusing on the harm to US Bank and ignoring his hardship and health issues. As for the newly discovered evidence, Kameron maintained that he was recently approved for free weatherization upgrades to the Property, which he argued would increase its value by $21,000. Kameron further argued that if he and Joshua were evicted, Joshua would be unable to trim the 100+ arborvitae on the Property, which was a $4,000 job, and to clear out the irrigation lines to prevent costly broken pipes in the spring. Finally, Kameron recently learned that he could turn the lower level of the Property into an Airbnb, which could produce income to make payments to US Bank.

US Bank did not file a response to Kameron's motion to alter or amend, but Kameron filed a reply elaborating on his previous arguments. Besides the potential Airbnb income, Kameron said that he and Joshua were starting a business creating printed booklets for parties submitting appeals to the U.S. Supreme Court. Kameron argued that if he and Joshua were given a little more time in the Property, they could get their businesses off the ground, which could give them the income necessary to pay US Bank and remain in the Property or to find another residence.

Without a hearing, the bankruptcy court denied Kameron's motion to alter or amend the stay relief order. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court abuse its discretion in granting US Bank relief from the automatic stay?

2. Did the bankruptcy court abuse its discretion in denying the motion to alter or amend the stay relief order?

## STANDARD OF REVIEW

We review the bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012). We also review for an abuse of discretion the bankruptcy court's order denying a motion to alter or amend under Civil Rule 59(e). *Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or not supported by the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

**A. The bankruptcy court did not abuse its discretion in granting US Bank relief from the automatic stay.**

Section 362(d)(1) allows the court to grant relief from the automatic

stay for "cause," including the lack of adequate protection of the movant's interest in the property. Relief under § 362(d)(2) is also warranted if the debtor has no equity in the property and the property is not necessary for an effective reorganization.

The bankruptcy court determined that "cause" existed to grant stay relief as to the Property under § 362(d)(1) for two reasons. First, the court found that US Bank was the owner of the Property according to the sheriff's deed recorded in July 2020 – three years before Kameron's bankruptcy filing. Second, the court found that US Bank's interest in the Property was not adequately protected. Kameron and Joshua conceded that no payments had been made to US Bank for over a decade, and that neither of them was paying for taxes or insurance on the Property during that time.

We perceive no abuse of discretion in the court's ruling under § 362(d)(1). As the sheriff's deed reflects, US Bank is the owner of the Property. The Plumbs challenged the judicial foreclosure in state court and lost, and they lost on appeal. Thus, US Bank's ownership of the Property is undisputable. Further, it is undisputed that US Bank's interest in the Property was not adequately protected given the Plumbs' failure to make any loan payments while they still owned the Property from 2009 to 2019, or to pay rent, taxes, or insurance for it after the sheriff's sale in 2019.

Alternatively, the bankruptcy court determined that terminating the automatic stay was also warranted under § 362(d)(2), because Kameron

lacked any equity in the Property and there was no reorganization in prospect since this was a chapter 7 case. The court found that because US Bank was the owner of the Property, Kameron could not have any ownership interest in it and, hence, no equity. Although Kameron and Joshua wanted to challenge the validity of the sheriff's sale, the court explained that it had no authority to review or set aside matters decided by the state court. Further, to the extent any relief was available, that was a matter of state law best heard by the state court.

We also perceive no abuse of discretion in the court's ruling under § 362(d)(2). US Bank is the owner of the Property, which precludes Kameron (or Joshua) from having any equity in it, and because this is a chapter 7 case, the Property was not necessary for an effective reorganization. Kameron's arguments in response to US Bank's motion were merely a collateral attack on the judicial foreclosure, sheriff's sale, and recorded sheriff's deed, which he could not challenge through stay relief. Relief from stay proceedings are summary proceedings that address issues arising only under § 362(d) and whether the movant has established a colorable claim for relief. The bankruptcy court does not decide underlying substantive issues of ownership or contractual rights of parties in resolving motions for relief from stay. *United States v. Gould (In re Gould),* 401 B.R. 415, 425-26 n.14 (9th Cir. BAP 2009) (citing *Biggs v. Stovin (In re Luz Int'l, Ltd.),* 219 B.R. 837, 842 (9th Cir. BAP 1998)), *aff'd,* 603 F.3d 1100 (9th Cir. 2010).

Kameron erroneously argues that our review of the stay relief order is de novo. In any case, his argument for why the bankruptcy court erred in granting stay relief to US Bank lacks merit. He continues to argue that because the equities weighed in his favor due to US Bank's unclean hands, stay relief should have been denied. The bankruptcy court considered this argument and rejected it – twice. Kameron fails to cite any authority that would allow the court to put his health issues over US Bank's interests, particularly in light of § 362(d)'s language that the court "shall" grant the movant relief if it establishes the reasons for doing so in either (d)(1) or (d)(2). *See Nantucket Invs. II v. Cal. Fed. Bank (In re Indian Palms Assocs., Ltd.),* 61 F.3d 197, 208 (3d Cir. 1995) (the language of § 362(d)(2) is "mandatory").

As for US Bank's alleged "unclean hands," Kameron is referring to what he contends are perjurious statements US Bank made in the state court foreclosure action, namely that it had standing to enforce the note. However, the state court found in US Bank's favor and the Plumbs lost on appeal. Kameron contends that the state appellate court did not address his specific standing issue, but he did not provide a copy of the decision in the record. Nonetheless, the state court rulings as to the Property cannot be challenged in the bankruptcy court, and certainly not in the context of a motion for relief from stay. Kameron maintains that he was not seeking to overturn the foreclosure action, but merely wanted the bankruptcy court to consider US Bank's misconduct in that action when deciding relief from stay. Our review of the record shows that the bankruptcy court considered

everything raised by the parties, and Kameron again has not cited any authority allowing the bankruptcy court to do "equity" and not terminate the stay even though US Bank clearly established a colorable claim for doing so.

**B.      The bankruptcy court did not abuse its discretion in denying the motion to alter or amend.**

Under Civil Rule 59(e), applicable here by Rule 9023, the bankruptcy court may alter or amend (i.e., reconsider) an order if the court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). Such motions are also available to prevent manifest injustice. *Navajo Nation v. Norris,* 331 F.3d 1041, 1046 (9th Cir. 2003).

The bankruptcy court found that Kameron failed to present any grounds for granting the motion to alter or amend. It rejected Kameron's newly discovered evidence of the weatherization upgrade and the new income-earning opportunities, finding that he failed to make any showing or argument as to why he could not have obtained this information before the stay relief hearing. Plus, it seemed unlikely that Kameron would qualify for a weatherization upgrade for a home he did not own. The court also found that the work for the irrigation lines and arborvitae was not newly discoverable evidence, not only because Joshua did it every year, but because it was only something he might do if the stay was reimposed. In

any case, the court found that none of this evidence if presented at the stay relief hearing would have changed the outcome.

The court also rejected Kameron's arguments that the stay relief order was manifestly unjust or that the court committed clear error by failing to consider his poor health and the resulting harm if evicted. The court said it did consider Kameron's circumstances, but rejected that as a basis to deny stay relief. The court noted that Kameron could raise his health issues or other defenses to the unlawful detainer action in state court before any eviction would occur.

Kameron argues that the bankruptcy court erred in denying his motion to alter or amend the stay relief order. Specifically, he argues that the court allowed "manifest injustice" by failing to apply the doctrine of unclean hands and consider US Bank's perjurious conduct in its decision to grant stay relief. We have already rejected this argument for the reasons stated above. Because Kameron failed to establish any ground for the bankruptcy court to reconsider the stay relief order, the court did not abuse its discretion in denying the motion to alter or amend.

## CONCLUSION

US Bank established a colorable claim for relief under § 362(d)(1) and (d)(2). Kameron and Joshua continue to engage in a pattern of delay to prevent US Bank from enjoying its protected rights in the Property. As the bankruptcy court observed, the automatic stay is not intended to enable Kameron to avoid in perpetuity what Washington state courts have

11

determined to be US Bank's legitimate ownership of the Property. We

AFFIRM.